168 So. 224

### JENNETT v. STATE.

#### 4 Div. 215.

Court of Appeals of Alabama.
April 14, 1936.

Rehearing Denied May 12, 1936.

and 2. Refused charge 3 would only tend to confuse the jury on a technical distinction as to possession. The true rule was covered by the court in his general charge.

Evidence that defendant was behind the counter disbursing beer to customers was admissible as tending to show his participation in the ownership and possession of the premises.

We find no error, and the judgment is affirmed.

Affirmed.

168 So. 225

## HOWARD v. STATE.

### 4 Div. 214.

Court of Appeals of Alabama.
May 12, 1936.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The order of the judge of the Third judicial circuit calling a term of the circuit court to be opened for the disposition of pending cases on August 26, 1935, was authorized under section 6668 of the Code of 1923, and the provision for jurors was authorized by Code 1923, § 8632. Under section 6667 of the Code of 1923, the circuit court within the time limited by the section is always open for business, and the time for the transaction of the business of the court is, within the limits fixed by the statute, left with the circuit judges.

According to the testimony of the state, which was overwhelming, the defendant and another were in possession of a place of business in Phenix City, which was being run in open and flagrant violation of the prohibition laws of the state. What became of the prosecution of the other party jointly indicted with defendant does not appear; but it is clear to us that the evidence justified a conviction and that the court committed no error in refusing the charges marked 1